PIONEER FUEL Co. *vs.* FREDERICK D. HAGER.

Submitted on briefs April 4, 1894.    Reversed April 20, 1894.

No. 8626.

### Complaint for goods sold and delivered held insufficient.

A complaint which alleges that the defendant is indebted to the plaintiff in a sum named upon an account for goods sold and delivered to him at his request, but not stating by whom the goods were sold, does not state facts sufficient to constitute a cause of action.

Appeal by defendant, Frederick D. Hager, from an order of the District Court of Ramsey County, *William Louis Kelly,* J., made September 5, 1893, overruling his demurrer to the complaint.

The plaintiff the Pioneer Fuel Company, a corporation, by its complaint alleged that it is incorporated and that defendant is indebted to it in the sum of $321.23 upon an account for goods sold and delivered him at his instance and request between September 1, 1892, and May 31, 1893; that the same became due and payable on the latter date but that defendant has not paid the same or any part thereof and demanded judgment for the amount with interest and costs. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, saying: The pleader does not state that the goods were sold and delivered by the plaintiff. Within the spirit of *Solomon* v. *Vinson,* 31 Minn. 205, the complaint is good. In *Abadie* v. *Carrillo,* 32 Cal. 172, a similar complaint was upheld, and that case is referred to as authority in *Solomon* v. *Vinson, supra.*

*Kueffner, Fauntleroy & Searles,* for appellant.

*Jones & McMurran* and *Lewis E. Jones,* for respondent.

*Foerster* v. *Kirkpatrick,* 2 Minn. 210, and *Holgate* v. *Broome,* 8 Minn. 243, are both overruled by *Solomon* v. *Vinson,* 31 Minn. 205, and *Guthrie* v. *Olson,* 32 Minn. 465.

CANTY, J. The complaint in this action alleges "that defendant is indebted to the plaintiff in the sum of $321.23 upon an account

for goods sold and delivered to him at his instance and request" between certain dates. The defendant demurred on the ground that complaint stated no cause of action. The court below overruled the demurrer, and defendant appealed.

This is an attempt to plead in the common-law form of *indebitatus assumpsit,* but the common-law form required the declaration to state that the defendant is indebted to plaintiff in a sum named for goods sold *by the plaintiff* to the defendant. This complaint does not allege that the goods were sold by the plaintiff, and such defect was fatal at common law. Chit. Pl. 33, note c (16th Am. Ed.), and *Fenton* v. *Ellis,* 6 Taunt. 192, cited therein. See, also, *Cathrow* v. *Hagger,* 8 East, 106. It is true that these were cases where the defect was in the affidavit for the arrest of the defendant, but the principle is the same, and Chitty so regards in citing them as authority as to the effect of a similar defect in the declaration.

"In assumpsit or covenant for the payment of money the defendant may be arrested as a matter of course on an affidavit shortly stating the cause of action." 1 Tidd, Pr. 171. The learned court below states in his memorandum that this complaint is exactly similar to that in *Abadie* v. *Carrillo,* 32 Cal. 172, which was referred to as authority by this court in *Solomon* v. *Vinson,* 31 Minn. 205, (17 N. W. 304.) In this he is mistaken, and has undoubtedly been misled by the syllabus in the California case, but the statement of the case shows that the complaint was according to the common-law form.

We are of the opinion that the courts in the code states have sacrificed the principles of code pleading more than they ought to have done in adopting this common-law formula at all, and that we should not outdo the common law itself by reducing the formula still more, and making it still more in conflict with code principles. The complaint must at least be sufficient at common law, which it is not.

The order appealed from is reversed.

Buck, J., absent, took no part.

(Opinion published 58 N. W. 828.)

Application for reargument denied April 24, 1894.