*In re* GEORGE N. BISSELL, Insolvent.

Submitted on briefs April 16, 1894.   Affirmed April 20, 1894.

No. 8805.

**Insolvency of a person not a trader, proof of.**

Evidence *held* sufficient to justify a finding that a debtor (not a trader) is insolvent, within the meaning of the insolvent law.

Appeal by Alfred E. McCordic, Albert E. Geilfus and the International Bank of West Superior from the judgment of the District Court of St. Louis County, *Charles L. Lewis*, J., entered November 4, 1893, appointing Frank A. Day receiver of the property of George N. Bissell, insolvent, under Laws 1881, ch. 148, § 2, as amended by Laws 1889, ch. 30, § 2.

George N. Bissell was on October 5, 1893, and long had been a resident of Milford in Otsego County, N. Y., engaged in farming and was not a trader. He bought and owned lands and stocks in St. Louis County in this state and in West Superior, Wisconsin. He was indebted to divers creditors. On September 18, 1893, Alfred E. McCordic commenced an action in the District Court of St. Louis County against him to recover $12,500 and interest and procured a writ of attachment, and under it the sheriff levied upon Bissell's real estate. On September 19, 1893, Alfred B. Geilfus commenced an action in the same court against Bissell to recover $2,000 and interest and procured a writ of attachment, and under it the sheriff levied on Bissell's property. On the same day the International Bank of West Superior commenced an action in the same court against Bissell to recover $2,105.50 and interest and also procured a writ of attachment and under it the sheriff again levied on Bissell's property. Other suits were commenced and attachments issued, and it was shown in evidence that Bissell was owing at least $75,000 overdue debts. He owed the Lime Rock National Bank of Providence, R. I., $5,000 and the National Bank of Redemption of Boston, Mass., $5,000, and on October 5, 1893, these banks presented a petition to the District Court of St. Louis County stating these facts and praying that Bissell be adjudged insolvent and that a receiver be appointed of all his unexempt

property. Bissell for answer made affidavit that he resided at Milford, N. Y., that he was not a trader, that he was worth $100,000 over and above all indebtedness and that he had unincumbered real estate standing in his own name in St. Louis County, Minn., of the value of about $200,000 and that his property was amply sufficient to pay all his debts and liabilities. But he did not mention or describe any of the real estate or state the amount of his total indebtedness or the names of any of his creditors. One object of the petitioners was to dissolve the attachments by operation of the statute and prevent the attaching creditors from obtaining a preference. It was stipulated on the hearing November 4, 1893, that the allegations of the petition were true except the statement that Bissell was insolvent. The affidavit of Bissell was received without objection as his evidence in the case.

The court found that Bissell was insolvent, that he had not made an assignment under Laws 1881, ch. 148, § 1, as amended, and it appointed Frank A. Day receiver and directed that he give bond in the sum of $25,000. The attaching creditors appeal.

*McCordic & Crosby,* for appellants.

The term "insolvent" is not defined in the insolvency law of Minnesota and the court therefore can very well hold as intimated in *Daniels* v. *Palmer,* 35 Minn. 347, that the test of insolvency on the part of a merchant or other trader is not applicable to a farmer or other non-trader. Bissell's assets are sufficient to meet his liabilities. The amount and character of his debts have no bearing on the question of his insolvency. His affidavit received in evidence is uncontradicted and shows him to be solvent within the meaning of that term when applied to one not engaged in trade.

*Cash, Williams & Chester,* for respondents.

The petitioners made out a clear case of insolvency under the law, the debtor was a non-resident, there was nothing in the character of his business transactions in this state to indicate any reason why the strict test of insolvency should not obtain. They had no means of ascertaining the true condition of his financial affairs, but it was evident that other creditors were about to obtain preference on his property to the extent of $23,000 and more.

The statements in Bissell's affidavit regarding his property and its value are made in the most general terms, no property is specified or described, the valuations given are mere matter of opinion, the statements if untrue would form no basis for a prosecution for perjury.

It cannot be claimed with any degree of fairness that Bissell should be treated as a farmer in this proceeding. It is not claimed that any part of his great indebtedness was incurred in his capacity of farmer, it was entirely outside of his farming business and it is unreasonable to claim that a heavy trader who also runs a little farm for his amusement is entitled to have a farmer's test of insolvency applied to him.

GILFILLAN, C. J. The only question in the case is, was the evidence as to the alleged insolvent's property and debts such as to justify the finding that he was insolvent, within the meaning of the insolvent law? He was not a trader. The evidence on the part of the petitioners was that he was indebted in the amount of $73,605 principal, most of it notes issued by him, and overdue; that various suits have been commenced against him, and his property attached for $18,605, in this state; and that various suits have been commenced against him, and his property attached for $40,000, in the state of Wisconsin. On the part of the alleged insolvent there is the evidence of himself, in which he states the total value of his assets at $100,000 over and above his debts and liabilities, and that he is the owner of real estate in the county of St. Louis in this state of the value of about $200,000, without specifying the items of his assets, or the pieces of real estate claimed to be owned by him.

A man's own estimate of the real estate owned by him is, in these times, so unreliable that the court was not bound, in face of the unexplained facts that about $75,000 overdue debts remain unpaid, and that attachments for about $60,000 have been levied, and in the absence of any specification of the items of property the insolvent claims to own, to believe that his property when sold to pay his debts would be sufficient to meet them.

There would be few insolvents (not traders) under the insolvent law if such a case as is made by the petitioner is to be deemed

overcome by so vague and general statements as those with which the insolvent attempts to meet it.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 828.)

