SANABRIA, PLAINTIFF AND APPELLEE, *v.* ROSA ET AL.,
DEFENDANT AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2993.—Decided December 6, 1923.

DEBT—ACCOUNT CURRENT—LIQUIDATION—BALANCE—PLEADING.—In a complaint in an action to recover the value of merchandise sold and delivered to the defendant by the plaintiff on account current showing a balance of the amount sued for it is not necessary to allege that the said balance was admitted by the defendant, for the liquidation of an account current is a simple arithmetical operation; nor is the complaint insufficient because it fails to set out in detail the several items of the account.

The facts are stated in the opinion.
*Mr. A. Aponte, Jr.,* for the appellants.
*Mr. F. González* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Simón Rosa appeals from a judgment against him for the sum of $316.83.

It is alleged in the complaint that there is a current account between the parties for merchandise sold and delivered

by the plaintiff to the defendant and that a liquidation of it on the date of the complaint showed a balance in favor of the plaintiff of the amount sued for, which has not been paid by the defendant in whole or in part notwithstanding demands made upon him for payment.

The only ground of appeal set up by the appellant is that the trial court erred in overruling his demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, because in suing for the balance of a liquidated current account it should have been alleged that the said balance had been acknowledged and accepted by the defendant in order to impose upon him the obligation of paying the said account as a liquidated debt or demandable obligation.

The appellant is mistaken. Such an allegation is not necessary for the recovery of the balance of an account shown by its liquidation, although it would be convenient for the plaintiff in case the debtor had actually agreed to the accuracy of the balance upon liquidation of the current account, for then he would not have to prove the different items of the account, but merely that the defendant had acknowledged the correctness and accuracy of the balance in order to obtain judgment. A complaint like the present wherein it is alleged that a liquidation of the account showed the balance claimed by the plaintiff alleges only on this point that the necessary arithmetical operations have been made in the current account to ascertain the balance, that being the liquidation of an account which can be made at any time. Therefore, the complaint in this case is sufficient, because if it is true, as we must consider it here, that an account current was kept between the parties for merchandise sold and delivered by the plaintiff to the defendant, which upon liquidation, or after the necessary arithmetical operations, by the plaintiff showed a balance in his favor of the sum claimed and it had not been paid in whole or in

part, there can be no doubt that the plaintiff may have a judgment for the said balance. It is true that the complaint failed to set out the items of the current account, but this was not necessary under section 124 of the Code of Civil Procedure, which imposes upon the plaintiff the obligation of delivering a copy of the account to the defendant if he demands it, or be precluded from giving evidence thereof. In the case of *Giménez* v. *Alfonso,* 29 P. R. R. 300, the complaint was similar to the one in this case and we held it to be sufficient, adding that the doctrine therein laid down should govern the question of the insufficiency of the complaint, because it did not allege that the liquidation had been made with the participation and consent of the defendant and did not specify the several items of the current account.

The case of *Pioneer Fuel Co.* v. *Hager* in the Supreme Court of Minnesota, 58 N. W. 828, cited by the appellant in support of the insufficiency of the complaint, is not applicable to the instant case, because the ground for that decision was that the complaint failed to allege that the merchandise had been sold by the plaintiff, an allegation which is made in the complaint under consideration.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf concurred in the judgment.

CONCURRING OPINION OF MR. JUSTICE WOLF.

The complaint in this case showed that the complainant had sold and delivered goods to the defendant for which the latter owed a balance of $316.83. This was the statement of a cause of action, perhaps vaguely expressed. The defendants would have been entitled to a bill of particulars

for the goods sold and delivered, asking for the items. They had no right to demur.

So far as the decision of this court sustains the sufficiency of the complaint, as for an account stated, I think the opinion is mistaken. It is true that this court so held in *Giménez* v. *Alfonso,* 29 P. R. R. 300, but after consideration·I am of the opinion that the true doctrine was set forth in *Rubio et al.* v. *Carrasco,* 26 P. R. R. 224, and to some extent in *Successors of Martínez* v. *Dávila,* 18 P. R. R. 79. An account stated, as I understand it, requires the conformity of both parties. 1 R. C. L. 207. *Union Bank* v. *Knapp,* 3 Pick. (Mass.), 96; *Chace* v. *Trafford,* 116 Mass. 529.