WILLIAM S. DWINNELL v. WALTER L. BADGER and Another.

December 2, 1898.

Nos. 11,382—(150).

Insolvent Corporation—Enforcement of Liability of Stockholders by Creditor—Payment of Attorney's Fee by Receivers.

A creditor intervened in sequestration proceedings under G. S. 1894, c. 76, against an insolvent corporation, and upon his application the stockholders were brought in as parties for the purpose of enforcing their personal liability for corporate debts. This part of the proceedings was conducted by the intervening creditor, who employed the petitioner as his attorney in the matter. While these proceedings were pending, a syndicate of stockholders, whose stock was only half paid for, contributed a fund equal to the amount of their unpaid stock subscriptions, with which they compromised and bought up all the claims against the corporation. In consequence of this the proceedings to enforce the personal liability of the stockholders were abandoned, nothing having been realized out of them. Petitioner's only contract of employment was with the intervening creditor. *Held*, that he was not entitled to payment of his services out of the corporate assets in the hands of the receivers.

Petition in the district court for Hennepin county by William

S. Dwinnell for a reasonable allowance as attorney's fee, and disbursements, for services rendered by him in proceedings to enforce the liability of stockholders in the insolvent Northern Trust Company. The petition recited the facts concerning the litigation which are given in the opinion, and averred that $50,000 could have been collected from resident stockholders and $50,000 additional, by compromise and suits, from nonresident stockholders; and that the settlement with creditors at 40 cents on the dollar was directly due to the institution of the suit against the stockholders to enforce their liability. The receivers of the insolvent corporation, Walter L. Badger and Louis B. Henry, made answer to the petition. From an order, Simpson, Johnson and Lancaster, JJ., denying the application (and refusing to pass upon the value of the services rendered), petitioner appealed. Affirmed.

*W. S. Dwinnell,* in pro. per.

The creditors of the Northern Trust Company are liable to this claimant for the services performed by him. See Seibert v. Minneapolis & St. L. Ry. Co., 58 Minn. 58; Atty. Gen. v. North American, 91 N. Y. 57; Trustees v. Greenough, 105 U. S. 527. It was competent for any one of the creditors of the trust company to assume representation, and take such steps as were necessary to preserve the interests of all, and having done so under the direction of the court and the assent of the other creditors, as implied from their silence, he is entitled to compensation for services rendered. Central R. & Bk. Co. v. Pettus, 113 U. S. 116; Adams v. Kehlor M. Co., 38 Fed. 281; Barnes v. Newcomb, 89 N. Y. 108; Atty. Gen. v. Old South Soc., 13 Allen, 474.

The contention that appellant cannot recover because he did not impound a fund is fallacious. A receiver of an insolvent estate is, in effect, a trustee for creditors. His duty is to protect their interests. He is compensated for services performed on the ground that, the law having imposed a duty upon him, the creditors are obliged to compensate him for the performance of it. Likewise in an action brought by a receiver under Laws 1897, c. 341. It makes no difference in the obligation of the creditors to such a receiver whether that action is successful or not. The creditors are

bound by an implied contract to compensate him for his services. The fact that services usually have been compensated out of a fund impounded is not a reason why they should not be compensated when a fund is not impounded, if the court already has in its possession funds belonging to the class for whom the services were rendered. If only successful services are to be compensated, then all litigation undertaken by assignees or receivers will be purely speculative, so far as they are concerned. Because the liability of stockholders is not a corporate asset, it does not follow that the corporate assets are not chargeable for services rendered in enforcing that liability. See Cowdrey v. Galveston, H. & H. R. Co., 93 U. S. 352.

*Fred B. Snyder*, for respondents.

An attorney's claim for professional services must rest upon a contract, express or implied, made with the persons sought to be charged. 3 Am. & Eng. Enc. (2d Ed.) 435. See also Com. v. Mechanics, 122 Mass. 421; Merrick v. Bonness, 66 Minn. 135. The principles controlling this case are clearly stated in Atty. Gen. v. North American, 91 N. Y. 57, 63. See also Merchants Nat. Bank v. Barley Mnfg. Co., 34 Minn. 327; Pence v. Arbuckle, 22 Minn. 417; Weeks, Attys. § 342.

There is a contractual implication that creditors will pay only in case the trustee, receiver or moving creditor is successful and even then only out of the proceeds of the particular litigation. Trustees v. Greenough, 105 U. S. 527. See also 3 Am. & Eng. Enc. (2d Ed.) 458; Weigand v. Alliance, 44 W. Va. 133; Rives v. Patty, 74 Miss. 381.

MITCHELL, J.

For the purpose of sustaining the order appealed from, we must assume that the court found as true the state of facts most favorable to the order which the evidence would justify.

The short facts may therefore be stated as follows: Sequestration proceedings were instituted against the Northern Trust Company, an insolvent moneyed corporation, and a receiver of its property appointed pursuant to the provisions of G. S. 1894, c. 76. A creditor of the corporation intervened in these proceedings, and

upon his application all its resident stockholders were made parties for the purpose of enforcing their personal liability for corporate debts. This part of the proceedings was conducted by the intervening creditor, who employed the petitioner as his attorney in the matter.

While this proceeding was pending, certain of the half-paid stockholders,—that is, those whose stock was only half paid for,—formed a syndicate, and made up a fund to the extent of the amount of their unpaid stock subscriptions, with and out of which they bought up all the claims against the insolvent corporation at the rate of 40 cents on the dollar. In consequence of this, the proceedings to enforce the stockholders' liability were dropped, and nothing was in fact ever realized out of them. While the receiver of the insolvent corporation approved of the course taken by the intervening creditor, he made no contract of employment with him or his attorney. The sole contract of employment of the petitioner was with the intervening creditor.

The application of the petitioner was that the court direct the receiver to pay his services as attorney out of the corporate assets in his hands.

The principle sought to be invoked is that where one of many parties having a common interest in the trust fund, at his own expense takes proper proceedings to save it from destruction, and to restore it to, or collect it for, the purposes of the trust, and for the benefit of all interested in it, he is entitled to reimbursement, either out of the fund itself, which was saved, restored or collected through his efforts, or by proportional contribution from those who accept the benefit of his efforts.

Had a fund been realized through the efforts of the intervening creditor and his attorney, which had already been paid over to the creditors, we are by no means prepared to say that a court ought not to order reimbursement out of the corporate assets in the hands of the receiver which belonged to the same parties, instead of compelling the party to resort to an enforcement of proportional contribution by those who had received the fund secured by his efforts.

But the difficulty with petitioner's case is that his efforts, or those of his client, have not resulted in any pecuniary benefit to

creditors. Nothing has been realized from them, even indirectly.
The money which the stockholders used in buying up or compromis-
ing the corporate debts was not the proceeds of their stockholders'
liability, but of their unpaid stock subscriptions, which were cor-
porate assets, and belonged to the receiver.

Order affirmed.