JOSEPH C. HELM v. SMITH–FEE COMPANY and Others.

April 27, 1900.

Nos. 11,886—(9).

## Insolvent Corporation—Collection of Fund for Creditors.

The equity rule that, where one of many parties having a common interest in a trust fund successfully prosecutes proceedings to collect it for the benefit of all interested in it, he is equitably entitled to reimbursement for his reasonable expenses in the premises out of the fund before its division, applies to an action to enforce stockholders' liability, where the action is so prosecuted by one creditor for the benefit of all.

## Same—Allowance to Plaintiff's Attorney.

The trial court erred in denying the petition herein for such an allowance for the services of the plaintiff's attorney.

Action in the district court for St. Louis county to enforce the liability of stockholders in defendant corporation. J. H. Whitely, attorney for plaintiff, petitioned the court to be allowed as compensation for his services the sum of $1,100, or such other sum as the court might deem just and reasonable. From an order, Moer, J., denying his petition, he appealed. Reversed.

*J. H. Whitely*, pro se.

*J. L. Washburn* and *W. D. Bailey*, for respondent Moore.

START, C. J.[1]

This action was brought under G. S. 1894, c. 76, for the purpose of enforcing the stockholders' liability, and was prosecuted by the plaintiff on behalf of himself and all other creditors of the defendant corporation. Other creditors intervened, and proved their claims, and the action was prosecuted to final judgment against the stockholders. As a result of the prosecution of the action, there will be realized a common fund amounting to over $13,000, which will be available for distribution to the several creditors. The attorney for the plaintiff petitioned the trial court for an allowance out of this fund for his services in prosecuting the action. No objection was or is here made on the ground that the allowance

[1] LEWIS, J., took no part.

should be made to the plaintiff, and not directly to his attorney. The court made its order denying the petition, stating, in a memorandum attached thereto, that there was nothing in the statute warranting the allowance, and no authority to sustain such a claim.

While the memorandum is no part of the order (see Kertson v. Great Northern Exp. Co., 72 Minn. 378, 75 N. W. 600), yet it would seem, from the whole record, that the trial court must have denied the petition as a matter of strict legal right, and not as a matter of discretion. However this may be, we are of the opinion that, in the exercise of a sound discretion, the trial court ought to have allowed the petitioner a reasonable amount for his services. The power to make such an allowance does not depend upon any statute, but upon the equity rule that where one of many parties having a common interest in a trust fund, at his own expense, takes proper proceedings to collect it for the benefit of all interested in it, he is equitably entitled to reimbursement for his reasonable expenses in the proceedings out of the fund before its division. Now, no one creditor is entitled to enforce the liability of stockholders of a corporation for his own exclusive benefit. He must prosecute the action for the benefit of all creditors who elect to become parties to the action and exhibit their claims, and, where he assumes the burden of successfully prosecuting the action for the benefit of all, equity requires that he be reimbursed for his outlay from the common fund secured by his efforts. Seibert v. Minneapolis & St. L. Ry. Co., 58 Minn. 39, 59 N. W. 822; Dwinnell v. Badger, 74 Minn. 405, 77 N. W. 219.

The correctness of this proposition is substantially conceded by the respondent Watson S. Moore, but he claims that it would be inequitable to grant the petition in this case as against him, because he is both a creditor and a stockholder of the corporation; that nearly all of the money to be brought into the common fund by the plaintiff's action will be contributed by him as a stockholder; that approximately two-thirds of the fund will be distributed to him as a creditor, as an offset pro tanto to his stock liability; and that the plaintiff and his attorney opposed the allowance of his claim as a creditor, taking an appeal from its allowance to this court (see

Helm v. Smith-Fee Co., 76 Minn. 328, 79 N. W. 313); therefore he ought not to be compelled, as such creditor, to pay the petitioner, as attorney for the other creditors, for his services in opposing his claim.   This is a good reason why the whole amount of the petitioner's fees as attorney in the action ought not to be paid from the common fund, but it is no reason for refusing him any compensation whatever.   The undisputed evidence in this case shows that it would be inequitable to allow the entire amount of the reasonable value of the services rendered by the plaintiff's attorney in this action out of the common fund, and that his claim should be liberally reduced.   On the other hand, it is equally clear from the evidence that he is entitled to an allowance for such services as were rendered for the common benefit of all of the creditors.

It follows that the trial court erred in denying the petitioner any compensation, and the order is reversed, and a rehearing upon his petition is granted.