# LEONARD ERIKSSON v. IVER J. BOYUM.[1]

## October 28, 1921.

## No. 22,390.

**Compensation of attorney.**

1. Under G. S. 1913, § 7973, a client has the, unrestricted right to agree with his attorney as to the compensation to be paid him.

**Attorney and client — modification of agreement to reasonable value.**

2. A contract between attorney and client, entered into during the existence of the relation, changing a prior agreement as to the attorney's compensation from a stipulated amount to the reasonable value of the service rendered, is not void, but, in the absence of fraud, is valid and binding.

**Corporation — action for restoration of profits wrongfully appropriated.**

3. An action against trustees of a corporation to compel a restoration of profits claimed to have been wrongfully appropriated to their use, brought by a volunteer stockholder after refusal of the corporation to bring it, is in legal effect a suit by the corporation, though under the control of the volunteer plaintiff.

**Volunteer stockholder cannot bind corporation for cost of suit.**

4. The plaintiff in such a suit is without authority to bind the corporation for the cost and expense thereof in the event it fails of its purpose.

**Construction of contract with attorney.**

5. The contract between the attorney and client in this case, under which a suit of the kind was commenced, construed to obligate plaintiff in the action in the event of failure of the action to compensate the attorney for his services.

**Submission to court of value of attorney's services.**

6. A stipulation in the contract to submit. the question of the value of the attorney's services to the court at the conclusion of· the action, *held* valid and binding on the parties and to confer upon the court by a

[1]Reported in 184 N. W. 961.

supplemental proceeding in the action jurisdiction to hear and determine the matter.

**Award of court reduced.**

7. The award of compensation made by the court held excessive and a reduction thereof is ordered.

**New trial.**

8. The record presents no error requiring a new trial, and the evidence supports the findings of the trial court.

Action in the district court for Otter Tail county to recover $5,000 for legal services and to have the amount declared a lien upon certain shares of capital stock. The case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiff for $2,340. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Charles L. Alexander* and *N. F. Field,* for appellant.

*J. W. Mason* and *Leonard Ericksson,* for respondent.

BROWN, C. J.

Defendant in this action owned a majority of the common stock in the Fergus Falls Woolen Mills Company, a corporation, and 77 shares of its preferred stock. He had been general manager of the affairs of the company for some time, of and concerning which other stockholders had expressed considerable dissatisfaction. The corporation under his management had apparently become insolvent and unable to pay its bills and was compelled, at least it was deemed advisable, to transfer its property and effects to certain trustees for the benefit of creditors. The assignment was accordingly made, bearing date December 23, 1913, and the trustees assumed charge of the company affairs. Fergus Falls W. M. Co. v. Boyum, 136 Minn. 411, 162 N. W. 516, L.R.A. 1918A, 919. They continued the business and succeeded in restoring prosperity for the company, and during their stewardship there was a reorganization and a new set of officers placed in charge; the trustees completed their work in June, 1914. Boyum v. Jordan, 146 Minn. 66, 178 N. W. 158.

150 M.—13.

Defendant had pledged his stock to a local bank as security. The bank converted some of it and threatened to sell and dispose of the balance, and suit was brought by defendant to enjoin the same. Pending the litigation the parties effected a settlement of the matter, and to that end entered into a "stock voting agreement," by which certain of the stockholders were authorized to vote defendant's stock in all corporation affairs. The settlement included a stipulation that defendant should have employment with the company in some capacity and be made one of the directors. Defendant thus parted with control of his stock and of the company, and it was thereafter managed by others chosen by the new directors.

Some time in 1918 defendant discovered what he believed to be misconduct on the part of the trustees, who had charge of the business pending the temporary insolvency of the company, by which they had realized large profits to themselves in dealing with the assets and effects committed to them. He demanded that the new officers of the company bring suit against them to recover for their alleged misconduct and the officers refused, having first made inquiry into the matter and finding the trustees free from the charge made against them. At about the same time defendant became dissatisfied with the stock voting agreement, and was anxious to have it set aside and the full control of his stock restored to him. This necessitated a lawsuit, for the other parties to the agreement would not consent to its cancelation.

With these two prospective lawsuits in mind defendant sought out plaintiff in this action, Leonard Eriksson, an attorney in good standing at Fergus Falls, the place of residence of all the parties, and counseled with him in reference thereto. The subject was thoroughly gone over, and defendant was advised that he could maintain an action against the trustees, in behalf of the corporation, to recover the profits alleged to have been realized by them in the conduct and management of the corporate affairs in the creditor proceedings, and that he could also maintain an action for the dissolution of stock voting agreement. Negotiations finally resulted in the employment of Eriksson to take charge of the contemplated litigation. The agreement was put in writing, and by the terms thereof Eriksson agreed to commence and con-

duct to a conclusion the action to set aside and dissolve the stock voting agreement, and his compensation was fixed at the sum of $160, and to conduct the action against the trustees, for which his compensation was fixed at the reasonable value of his services, the same to be ascertained and determined by the court in the action at the end of the litigation. The actions were both subsequently commenced by Eriksson, and they were thereafter tried and determined by the court. Defendant prevailed in the stock voting suit and the stock held up by that agreement was returned to him. He lost the action against the trustees, the court having fully exonerated the trustees from the charge of wrongdoing made against them therein. Boyum v. Jordan, 146 Minn. 66, 178 N. W. 158.

Thereafter Eriksson applied to the court in the action against the trustees, as provided by the agreement, for an order fixing his compensation for services rendered in that litigation. In response to an order to show cause in the matter, defendant appeared generally and by counsel interposed a somewhat lengthy answer, containing much irrelevant and immaterial matter, but construed as a whole fairly putting in issue the merits of Eriksson's claim to compensation. No objection was therein made to the jurisdiction of the court to hear and determine the issues in that manner.

Eriksson filed a lien against the stock involved in the other action, claiming compensation for his services in excess of that stipulated in the contract of employment, and subsequently brought this action to have the value of those services determined, and the amount thereof declared a lien against the stock. The basis of the action is that the original agreement fixing his fees at $160 was subsequently modified by mutual agreement to the reasonable value of the services rendered in that suit. Defendant put in issue this claim of modification and pleaded payment of the agreed amount of $160.

Upon issues thus formed, both proceedings came before the court for trial at the same time. They were tried separately and submitted to the court upon the record made in each. The court made findings of fact in each, determining the issues in favor of Eriksson and fixing his compensation in the action against the trustees at the sum of $3,250, and

the value of his services in the stock voting suit at the sum of $2,500, less $160 conceded to have been paid. A motion for a new trial was made in each case and denied, and, from separate judgments for Eriksson in harmony with the findings, defendant appealed. The appeals were argued together in this court.

It is contended in this action, being the one to recover compensation for services rendered in the stock voting suit: (1) That the alleged modification of the contract fixing the compensation of the attorney at $160, if entered into at all, was void and unenforceable because made pending the relation of attorney and client, after the action had been commenced and before the trial thereof and required defendant to pay a larger compensation than stipulated by the original agreement; (2) that the evidence does not sustain the findings of the trial court to the effect that the contract was modified as claimed by plaintiff; and (3) that the amount awarded plaintiff is excessive and unreasonable in amount.

1. It is well-settled law that contracts between attorney and client entered into during the existence of the relation are not void. When fairly entered into and free from fraud, whether in reference to the compensation of the attorney, or as to dealings in the subject matter involved in the relationship, they are as valid and binding as contracts between strangers, where no fiduciary relations are involved. In some jurisdictions an agreement entered into during the existence of the relation by which the attorney secures an increase in the compensation originally agreed to is held invalid. That, however, is not the prevailing rule in this country. The subject is usually covered by statute. 2 R. C. L. 1037; Shirk v. Neible, 156 Ind. 66, 59 N. E. 281, 83 Am. St. 150, note on page 159. It is provided by statute in this state, G. S. 1913, § 7973, that a party shall have the unrestricted right to agree with his counsel as to compensation, and the measure and mode thereof. This necessarily includes the right to modify an existing contract on the subject, and, if the modification be free from fraud or unfairness, the courts are bound to respect it. It is not void. There is here no claim of fraud, and the change from a fixed fee to the reasonable value of the service to be rendered, is neither unreasonable nor unfair, and is

based upon a sufficient consideration. The attorney is thereby placed in position to claim more than the amount agreed upon originally, and the client occupies equally as advantageous a situation, for he may be heard to insist that the stipulated amount was excessive and unreasonable, and that a lesser amount would be reasonable compensation, thus leaving the amount to be paid, from the standpoint of both parties, open to inquiry and judicial determination.

2. The evidence made the question whether the modified agreement was in fact entered into one for the trial court to determine. We find from the record no sufficient basis for disapproving its conclusion therein. In fact the finding that the contract was so modified seems amply supported by the evidence.

3. Although the amount of compensation awarded by the trial court seems large, we are satisfied, in view of the substantial benefits accruing to defendant as the result of that litigation, that the amount awarded is not out of proportion to the importance of the case to defendant and the services rendered, and we approve of the allowance made.

4. The provisions of the contract in reference to the attorney's fees are as follows:

"In consideration of the services to be performed by my said attorney, I promise and agree to pay to him $160 for the first suit, on or before Nov. 1, 1918, * * * and for compensation for services to be rendered in the second suit my said attorney shall have such a fee as the court may, in said action, determine to be a reasonable fee for the services rendered, to be paid by the Fergus Falls Woolen Mills Co."

The second suit referred to in the contract, was to subject the trustees to liability for their alleged misconduct in the management of the trust estate. The corporation, through its officers, had refused to bring the action, and it was brought by defendant as he had the right to do under the law. Bailey v. Strachan, 77 Minn. 526, 80 N. W. 694; 3 Pomeroy, Eq. Jur. § 1095. It was, however, in legal effect a suit by the corporation, conducted by defendant as its voluntary representative. But, though in charge of the litigation, he was without authority to bind the corporation to the payment of either costs or attorney's fees in the event the suit was unsuccessful. If in such cases failure attends the

result, he who volunteers his service and brings the action is alone responsible for the cost and expense incurred. When successful the court may make the expense, including attorney's fees, a charge against the corporation. Graham v. Dubuque, etc., Machine Works, 138 Iowa, 456, 114 N. W. 619, 15 L.R.A.(N.S.) 729. The provision of the contract in this case, by which attempt was made to charge the attorney's fees to the corporation, can therefore have no binding force or effect. Nor can the contract as a whole be construed as a matter of law an undertaking on the part of the attorney to conduct the suit without compensation if unsuccessful. The most that can be said for the contract in this respect is that it is perhaps sufficiently ambiguous on the point to justify explanation by parol evidence. But no such evidence was tendered on the trial. And, having instigated the litigation and employed counsel to conduct it, defendant necessarily must be deemed, in the absence of some showing to the contrary, to have intended to pay counsel for his work if there was a failure in results. The contract must be so construed.

5. The contentions: (1) That the agreement for submission of the question of the attorney's fees to the court is invalid, conferring no jurisdiction on the court to hear or determine the matter; and (2) that the contract is void as against public policy, are not sustained. It is immaterial whether the contract be considered as one of arbitration, or as a plain submission of the question to the court for determination as an incident following the failure of the suit. We discover no reason for holding it invalid as against public policy or otherwise. Clearly under our statute the client may enter into such an agreement. The record presents no suggestion of unfairness, and the special contention that the client is thus wrongfully deprived of a jury trial is without substantial merit. Similar proceedings, had in the main action, to determine the attorney's compensation for services rendered therein, have often been entertained by the court on the petition of the attorney, in the absence of contract stipulation. Forbush v. Leonard, 8 Minn. 267 (303); Crowley v. LeDuc, 21 Minn. 412; Weicher v. Cargill, 86 Minn. 271, 90 N. W. 402; Farmer v. Stillwater Water Co. 108 Minn. 41, 121 N. W. 418. If the attorney may maintain such a proceeding

in the main action, in the absence of a contract consent of the client, no reason occurs to us why the parties may not voluntarily stipulate such a submission. It is not a differentiating fact that in the cases cited the asserted lien of the attorney was involved. The authority and jurisdiction of the court to entertain the proceeding and determine the attorney's compensation is the same in either case. Nor is the client by the agreement deprived of a jury trial. The court has the right to grant a jury in such cases when application therefor is seasonably made. G. S. 1913, § 4956. A jury trial was had in the Farmer case just cited. Defendant in this case made no demand for a jury. The objections to the validity of the agreement were therefore properly overruled by the trial court.

6. Defendant also contends that the amount awarded, $3,250 is excessive and beyond what the facts of the case really justify. In this we concur. The litigation to an extent, as between defendant and the attorney, was speculative. Both expected and hoped to win and to recover a judgment against the trustees in a substantial amount. Their hopes and expectations were not realized. The suit was a total failure, leaving in its wake nothing but disappointment, grief and expense. In fixing the attorney's compensation the facts stated should be considered; the result of the litigation—the disaster to the client—as well as the quantum of legal work performed by the attorney. And from that viewpoint we conclude that $1,500 will be fair compensation for the services rendered in that litigation.

7. There was no error in the denial of the motion for a new trial on the ground of newly discovered evidence. The findings of the court in each action and proceeding are sustained by the evidence, and the record presents no error requiring a new trial.

The judgment in the first action, number 22,390 in this court, is in all things affirmed. The judgment in the second action, number 22,389 in this court (Boyum v. Jordan, infra, page 200), will be reversed and a new trial granted upon all issues presented therein, unless within 10 days from the going down of the cause to the lower court plaintiff shall file a written consent to the reduction of the judgment to the sum of $1,500. If the consent be so filed, the judgment will be and it is in all things affirmed.