## HOLTHUSEN v. EDWARD G. BUDD MFG. CO.

### No. 3223.

District Court, E. D. Pennsylvania.

July 9, 1943.

Spencer Pinkham, of New York City, and Frederick B. Smillie and A. Benjamin Scirica (of Smillie & Bean), both of Norristown, Pa., for plaintiff.

Robert T. McCraken, and H. S. Drinker, Jr., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

Two motions are before the Court: Plaintiff's motion for a preliminary injunction against the defendant, and the defendant's motion to dismiss the plaintiff's complaint.

The plaintiff, a stockholder of the defendant corporation, has filed a complaint seeking to enjoin the submission of a new by-law[1] to a vote of the shareholders of the corporation at a special and adjourned annual meeting, to be held July 13, 1943. The by-law, if adopted by the shareholders, would authorize the Board of Directors of the corporation to issue options, within

[1] The new by-law in question reads as follows:

"Article XI. Share Purchase Plan.

"Options not transferable except by operation of law on the death of the holder expiring five years from the issuance thereof to purchase, for 125% of the market price thereof at the time of the issuance of such options, an aggregate of not in excess of 300,000 authorized and unissued shares of Common Stock without par value of the Corporation may at any time or from time to time within one year from the date of the adoption of this Article XI be granted by the Corporation, with the approval of the Board of Directors, to such of the Corporation's executive and administrative employees (including officers) and in such amounts as the Board may determine."

622

one year thereof, to a group of the company's key executives, to purchase stock at a price equal to 125% of the market value of. the shares at the date of the issuance of the options, the options .to be exercisable at any time within five years.

The complaint alleges that the proposed by-law is illegal and incapable of enactment by the shareholders over the objections of any one shareholder, and that irreparable injury to the corporation and its shareholders is threatened unless the corporation is enjoined from attempting to add the article in question to the by-laws. The plaintiff further alleges that he has no adequate remedy at law.

The plaintiff has moved for an injunction enjoining the defendant corporation and its officers and directors from enacting or attempting to enact, or permitting its shareholders to vote on the proposed article.

The defendant corporation filed a motion to dismiss the complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the complaint fails to state a claim against defendant upon which relief can be granted. Argument was had and both motions are before the Court.

Plaintiff contends that the proposed by-law is illegal on its face and that it purports to empower the directors to grant options without defendant's receiving any consideration therefor.

In support thereof he argues—should the options be granted: (1) the defendant would be bound to sell, at a fixed price, 300,000 shares of its common stock at any time it may be requested to do so during a five year period, regardless of how much more than the fixed price it might otherwise realize by direct sale; (2) the defendant, in effect, would be granting a bonus without receiving anything in return; and (3) the optionee does not promise to purchase the stock, and there is nothing to prevent him from resigning the day following the granting of the option and then exercising the option four years and eleven months thereafter, during which time he would have contributed nothing to the company.

I think there may be much force in these contentions of the plaintiff. I think, however, that a present determination of these questions is unnecessary without jeopardizing any of the plaintiff's rights, and certainly without doing irreparable injury to the corporation and its shareholders.

The immediate issue presently before the Court is a prayer to enjoin the defendant from permitting its shareholders to vote on proposed Article XI of its by-laws at a shareholders' meeting on Tuesday, July 13, 1943.

There is no allegation in the complaint that the meeting has been improperly called, nor any allegation of fraud. When a refusal to grant an injunction does not place in jeopardy any rights the claimant may have, courts should be slow to grant an injunction until the claimant has availed himself of other legal remedies. In the instant case the plaintiff will have an opportunity to suggest his views to his fellow shareholders at the meeting to be held next Tuesday. If his views prevail, that is the end of the case.

If, on the other hand, the proposed by-law is adopted, the defendant company has suffered no detriment by its mere adoption and it has not given away anything of value.

The proposed by-law is not self-operative. It is a grant of power authorizing the Board of Directors to issue stock. This grant of power must be exercised by the directors in a legal manner and not in any manner repugnant to Section 612 of the Pennsylvania Business Corporation Law[2] nor to any other law.

I cannot say as a matter of law that the proposed by-law is illegal on its face. It might have been drafted in different language to effectuate the requirements of the "Employees' Share Purchase Plan"

[2] Act of May 5, 1933, P.L. 364, Art. VI, § 612, 15 P.S. 2852—612, "Employees' share purchase plan. Unless otherwise provided in its articles, every business corporation may provide and carry out a plan for the issue and sale of its authorized but unissued shares to its employees, or to the employees of any subsidiary corporation, or to a trustee on their behalf, without first offering such shares to its shareholders, upon such terms and conditions, and in such manner as shall be provided in the by-laws, except that shares subject to preëmptive rights may be so issued and sold under such plan only with the written consent or affirmative vote of the holders of two-thirds of the shares entitled to exercise preëmptive rights with respect thereto."

statute cited in the margin. Yet a fair interpretation of the by-law shows its purpose to be to grant authority to the Board of Directors to devise a plan to issue stock to be purchased by employees. The proposed by-law is headed "Share Purchase Plan". True it speaks of options, but these options are for the purchase of stocks at 125% of the market value "granted by the Corporation, with the approval of the Board of Directors, to such of the Corporation's executive and administrative employees (including officers) and in such amounts as the Board may determine."

The directors in exercising their authority may not exceed the grant of power given them by the proposed by-law, but nothing forbids a voluntary curtailment of that power by the Directors if in their opinion such limitation is essential to exercise their authority in a legal manner. If the directors attempt in any illegal manner to issue such stock, the plaintiff can then ask the Court to restrain the defendant from granting any options under the proposed by-law.

■ For the above reasons, I do not think an injunction should be granted at this time to interfere with the shareholders' meeting next Tuesday, and I will deny the plaintiff's motion for a preliminary injunction.

■ Plaintiff urges that if the injunction is not granted at this time, the Board of Directors may, immediately upon the adoption of the by-law, grant options to many employees and that protracted and extensive litigation would be necessary to undo the wrong. For that reason, the Court will likewise deny the defendant's motion to dismiss and, under its equity powers, retain jurisdiction of the matter until after the shareholders' meeting and, if the by-law is adopted, until any action is taken by the Directors on the authority granted them under the by-law, at which time the plaintiff may renew his motion for an injunction upon the prayer in his complaint asking for general relief.

A denial of an injunction at this time of course allows the defendant to proceed without restraint. It is suggested, however, that, if the by-law is adopted and the Board takes affirmative action thereon, the plaintiff be given ample notice thereof, or preferably if feasible, that the effective date of any plan adopted by the Board shall be ten days subsequent to the date of the Board's action to enable the plaintiff to present to the Court any objections to the plan before any rights have accrued to any third parties. In disposing of the matter in this way, the shareholders can proceed with their meeting without any interference, and the rights of the plaintiff and shareholders will be safeguarded in every possible way.

The plaintiff's motion for a preliminary injunction is denied.

The defendant's motion to dismiss the complaint is denied.