**HOLTHUSEN v. EDWARD G. BUDD MFG. CO. (FELDMAN, Intervener).**

No. 3223.

District Court, E. D. Pennsylvania.

June 26, 1944.

946

Spencer Pinkham, of New York City, and Benjamin Scirica and Frederick B. Smillie (of Smillie & Bean), both of Norristown, Pa., for plaintiff.

George Scott Stewart, Jr., and Robert D. Abrahams, both of Philadelphia, Pa., for intervening plaintiff.

Robert T. McCracken and Henry S. Drinker, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter is before me on the petitions of plaintiff and the intervening plaintiff for allowance of counsel fees and expenses which they have incurred in the prosecution of this action.

The suit by plaintiff was brought against the defendant to enjoin it from enacting a proposed new article to its by-laws authorizing its directors to grant to executive and administrative employees of defendant options to purchase its common stock at a specified price, and to restrain defendant from granting any such options. A motion for a preliminary injunction to prohibit the submission of this by-law to the stockholders for approval was denied. D.C., 50 F.Supp. 621. The by-law was submitted to the stockholders and approved by them, whereupon the case was heard on the legality of the granting of the options on the terms and conditions prescribed by the board of directors. An injunction was entered against defendant restraining it from granting the options on such terms and conditions for the reason that the value of the options bore no reasonable relation to the services to be rendered by the employees to whom they were to be given. D.C., 52 F.Supp. 125. Subsequently the board of directors revised the terms and conditions upon which the options would be granted so that they were to be granted for a consideration deemed by the board of directors to be adequate, and I held that the granting of the option under the new terms and conditions was not within the scope of the injunction. D.C., 53 F.Supp. 488.

The right of a shareholder to be allowed counsel fees and expenses for litigation taken on behalf of the corporation which results in benefit to the corporation is well settled, and the authorities are collected and analyzed in an excellent article by George D. Hornstein, entitled "The Counsel Fee in Stockholder's Derivative Suits," 39 Columbia Law Review 784, which has been cited by both sides in this matter. The reasons for such allowance center about the socially desirable purpose of affording practical protection to minority stockholders against corporate abuses by the management, which protection might otherwise be denied them in view of the expense of litigation in comparison to the effect of such abuses on the value of stock held by the minority stockholder.

The familiar situation in which the rule granting such allowances is applied is that of a shareholder's derivative action against third parties which is successful in recovering property or other benefits received by them and for the recovery of which the corporation refuses to bring action. Since the benefits of the recovery inure to all stockholders as well as to the plaintiff, whose efforts produced such benefits, the expenses of litigation are cast ratably upon all who benefit by the litigation by the allowance to the plaintiff of reasonable counsel fee and expenses out of the property or money recovered.

In the instant case defendant argues that no allowances may be made because the suit was neither a representative action nor a derivative action brought by plaintiff on its behalf against third parties, and because there has been no "fund" recovered against which such allowances may be charged. It is somewhat difficult to see, however, why these considerations should preclude the allowance of reasonable counsel fees and expenses. It is certainly true that the action was not derivative and that the

defendant corporation was the actual and not merely a nominal defendant. The action purported to be representative in that it was brought by plaintiff in his own right and on behalf of all other stockholders, and whether it was "representative" in any particular sense is a matter of definition of that term. The fact remains that under the original plan for granting the options there was little, if any, consideration to be received by the defendant from the proposed grantees, although such options undoubtedly had value, and that the plaintiff's action was therefore successful in restraining the corporation from disposing of valuable assets without consideration. To rule that a shareholder who recovers back for his corporation property wrongfully disposed of is entitled to recover his expenses and counsel fees, but that one who prevents such wrongful disposition originally is not so entitled, would establish a distinction tending to discourage a prompt, expeditious and comparatively simple method of restraining corporate abuses in favor of actions, often difficult and costly, to remedy such abuses. With respect to the necessity of a "fund", there appears to be equally little reason to distinguish between property wrongfully disposed of by a corporation and recovered by means of a shareholder's suit, and property which would have been wrongfully disposed of by the corporation but for a shareholder's suit.

The instant case is not one, as contended by defendant, in which the plaintiff's action resulted in merely an injunction against an ultra vires act which would be neither fraudulent nor harmful to the corporation. With respect to such actions, as pointed out by Professor Hornstein in his article referred to above, at page 801: "The complainant cannot be awarded compensation if the suit is neither derivative nor representative; he has done nothing beneficial either to the corporation or to his fellow-stockholders, and no compensation is awarded where the suit results merely in an injunction against an ultra vires act which would be neither fraudulent nor harmful, but is enjoined simply because it is a violation of the implied contract between the stockholders."

The present situation is rather one in which the plaintiff's action restrained a waste of corporate property by disposition of valuable options for a consideration which at best bore no reasonable relation to their value. As to such actions, Professor Hornstein in his article said at page 800: "The authorities are not entirely uniform as to whether the complainant is also to be awarded compensation if the suit is considered non-derivative, but is representative and benefits all the stockholders. This problem arises where the suit results in an injunction to restrain a fraud or other action harmful to the corporation."

For the reasons indicated above, I am of the opinion that the present case is one in which the plaintiff's action did result in benefit to the corporation, and that plaintiff is entitled to allowance of his expenses and a reasonable counsel fee. After careful consideration of the petitions filed by the plaintiff and the intervening plaintiff, I award to plaintiff a counsel fee of $5,000 and reimbursement of his expenses of $1,171.35, plus $179.92, and to the intervening plaintiff a counsel fee of $1,000 and reimbursement of his expenses of $383.79.

An order may be submitted.