RICHARD E. BOSCH v. MEEKER COOPERATIVE LIGHT &
POWER ASSOCIATION AND OTHERS.

101 N. W. (2d) 423.

February 26, 1960—No. 37,792.

*Dorsey, Owen, Scott, Barber & Marquart,* for appellant.
*Nieman & Bosard* and *P. J. Casey,* for respondents.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying the plaintiff's application for allowance of attorneys' fees. The issue grows out of Bosch v. Meeker Co-op. Light & Power Assn. 253 Minn. 77, 91 N. W. (2d) 148, which was a derivative action prosecuted by a stockholder against certain directors and counsel of the defendant corporation. The action resulted in a determination that a purported election of directors and a proposed amendment to the corporate by-laws were illegal. The prevailing plaintiff-stockholder now seeks reimbursement from the corporation for his litigation expenses including attorneys' fees. The lower court was of the view that since the plaintiff's action did not result in pecuniary benefits to the corporation or its stockholders no recovery may be allowed.

The trial court relied upon authorities to the effect that a corporation is not liable for a stockholder's expenses in prosecuting a suit in regard to corporate affairs which does not result in pecuniary benefit to the corporation. The authority most often quoted in support of this proposition is Burley Tobacco Co. v. Vest, 165 Ky. 762, 178 S. W. 1102.

■ We have approved the common-law rule that, where an action brought by a stockholder on behalf of himself and other stockholders, or of the corporation, involving the internal affairs of the corporation,

results in a pecuniary benefit to the corporation, attorneys' fees and other expenses incurred by the stockholder in the prosecution of the action are chargeable to the corporation. Eriksson v. Boyum, 150 Minn. 192, 184 N. W. 961; In re Dissolution of E. C. Warner Co. 232 Minn. 207, 45 N. W. (2d) 388.[1]

██ Both parties rely on the latter authority. That case, however, involved the question whether the reasonable costs and expenses incurred by a corporate director in defending an action brought against him charging him with dereliction of duty could be paid out of corporate funds. We there came to the conclusion that a judicially vindicated corporate officer is entitled to such reimbursement. This is on the theory that to hold otherwise would be to discourage responsible men from accepting corporate offices, and (232 Minn. 214, 45 N. W. [2d] 393) "This right of reimbursement has its foundation in the maintenance of a sound public policy favorable to the development of sound corporate management as a prerequisite for responsible corporate action." We took the view that the vindication of the integrity of corporate management "is in a certain general sense" beneficial to the corporation from the standpoint of preserving the confidence of its creditors and of its prospective investors. We think there is merit to the plaintiff's argument that the same public-policy reasons favor his position. He argues that certain ultra vires acts of the directors of the defendant were prevented and, although none of the property rights of the corporation were protected, the action served "as a deterrent to irresponsible leadership" which resulted in a sufficiently substantial benefit to the corporation to justify an award of attorneys' fees. The plaintiff's argument presents a novel question under Minnesota law and one on which there is apparently little clear-cut authority throughout the nation.

It should be conceded that where a corporation stands to suffer loss if some action is not taken to protect its interests and those in au-

---

[1]See, also, Helm v. Smith-Fee Co. 79 Minn. 297, 82 N. W. 639; Trustees v. Greenough, 105 U. S. (15 Otto) 527, 26 L. ed. 1157; Annotations, 152 A. L. R. 909 and 39 A. L. R. (2d) 580.

thority fail or refuse to act a stockholder may proceed on behalf of the corporation without incurring personal expense. Since the corporation is the beneficiary of the recovery of funds or of the corrective benefit of the action, it should stand the expense of it. It should further be conceded that there may be stockholder's actions which do not result in the creation of cash funds or in the protection or conservation of corporate assets, but which nevertheless result in a correction or straightening out of corporate affairs, so as to provide a substantial benefit which will warrant recovery of costs and attorneys' fees. Annotations, 152 A. L. R. 921 and 39 A. L. R. (2d) 587.

In Schechtman v. Wolfson (2 Cir.) 244 F. (2d) 537, 540, Chief Judge Clark stated:

"* * * The modern equity practice is to allow counsel fees to successful prosecutors of derivative suits although no judgment has been obtained if they show substantial benefit to the corporation through their efforts, * * * [citations]. Nor is it necessary that a cash fund be produced. * * * [Citations.] But there should be some check on derivative actions lest they be purely strike suits of great nuisance and no affirmative good, and hence it is ruled generally that *the benefit to the corporation and the general body of shareholders must be substantial*." (Italics supplied.)

It should be recognized that to grant an award of fees and expenditures against a corporation in every instance where the officers of the corporation act outside of their corporate powers would be to invite and encourage certain actions intended not to redress real wrongs but to realize upon their nuisance value. Nevertheless, it would be unrealistic to deny that derivative suits instituted in good faith to correct or prevent misconduct of corporate officers and directors may be of substantial benefit. Commitment by officers of a corporation to ultra vires acts, contracts, or obligations may entail hazards to the corporation, its stockholders, and creditors. Actions to prevent such acts may maintain the health of the corporation and raise the standards of "fiduciary relationships and of other economic behavior." Hornstein, *Legal Therapeutics: The "Salvage" Factor in Counsel Fee Awards,*

69 Harv. L. Rev. 658, 663. In the face of unwise, arbitrary, or unreasonable ultra vires acts or conduct of corporate officers which would be harmful to the interests of the corporation, a stockholder should be permitted to prosecute a suit to redress a wrong or prevent a threatened wrong to his corporation even though such action might not result in "pecuniary benefit." To assure the stockholder that he will not be required personally to pay the entire costs of suit in the event he prevails is not too much of an inducement for him to take the initiative to challenge questionable acts. Hornstein, *The Counsel Fee in Stockholder's Derivative Suits,* 39 Colo. L. Rev. 784, 791. Such actions may have a wholesome effect on the corporate management in keeping it within the limits of its legal responsibility and at the same time act as a deterrent to arbitrary, unreasonable, and harmful managerial conduct. Where an action by a stockholder results in a substantial benefit to a corporation he should recover his costs and expenses.[2] As to what is a "substantial benefit" is for the trial court to determine in the light of the facts and circumstances of the particular case. Without attempting in any way to define the term or circumscribe its application, we would say that a substantial benefit must be something more than technical in its consequence and be one that accomplishes a result which corrects or prevents an abuse which would

---

[2]Abrams v. Textile Realty Corp. 97 N. Y. S. (2d) 492. The *substantial-benefit* rule has been approved in Minnesota in Swedish-American Nat. Bank v. Davis, 71 Minn. 508, 510, 74 N. W. 286, 287. In that case a bank, as creditor of an insolvent, prosecuted litigation in which the court ordered that creditors of the estate be permitted to share in a distribution of its funds without filing releases and that one particular claim against the estate be rejected. This court held that fees could be recovered in respect to the rejected claim but not to the first item since (71 Minn. 510, 74 N. W. 286) "It is impossible to see wherein the estate was benefited * * * [by the first item], and, unless this was made to appear, the court was powerless to make the allowance." The requisite benefit need not be a money recovery by the corporation, however. See, for example, Holthusen v. Edward G. Budd Mfg. Co. (E. D. Pa.) 55 F. Supp. 945, where attorneys' fees were allowed to a shareholder who was successful in enjoining the directors of his corporation from executing a plan to grant stock options at an insufficient consideration.

be prejudicial to the rights and interests of the corporation or affect the enjoyment or protection of an essential right to the stockholder's interest.

■ We have examined the findings of fact, conclusions of law, and memorandum filed by the trial court in the original action. While the findings characterize certain acts of the managing officers of the corporation as being "unreasonable and arbitrary," they do not cover the issue as to whether or not the judgment results in a substantial benefit to the corporation or its stockholders. We are accordingly remanding the case to the trial court for further findings on that issue.

If it is found that the corporation and its stockholders did in fact receive a substantial benefit as a result of such action, the trial court is to be guided by In re Dissolution of E. C. Warner Co. 232 Minn. 207, 45 N. W. (2d) 388, where it was held that the reasonable amount to be allowed for expenses and attorneys' fees rests in the sound discretion of the trial court.

■ The defendant has also contended that, irrespective of the "substantial benefit to the corporation" issue, the plaintiff must bear his own attorneys' fees for the reason that the action involved the enforcement of a personal rather than a corporate right. We are of the view that recovery does not depend on whether this is a derivative or representative action. Once it is established that the shareholder's action has in fact substantially benefited the corporation, it necessarily follows that he is entitled to recovery. Holthusen v. Edward G. Budd Mfg. Co. (E. D. Pa.) 55 F. Supp. 945.

Reversed and remanded.