FRANK E. AIPLE v. TWIN CITY BARGE & TOWING COMPANY AND OTHERS.

154 N.W. (2d) 898.

December 15, 1967—No. 40,749.

*John L. Hannaford, Eugene M. Warlich, Thomas E. Rohricht, Ralph K. Morris,* and *Doherty, Rumble & Butler,* for appellant.

*Fred W. Fisher, Mark J. Vieno, Berryman, Fisher & Johnson, Ronald H. Richter,* and *Lord, Bissell & Brook,* for respondents.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying plaintiff's motion for summary judgment with respect to his motion for attorneys' fees in a stockholder's action brought by Frank E. Aiple against Twin City Barge & Towing Company. The district court certified as important and doubtful the question of whether principles of res judicata or collateral estoppel would defeat the corporation's claims that attorneys' fees should be denied because they were incurred in an action brought in behalf of plaintiff's personal conflicting interests and not brought in good faith.

In Aiple v. Twin City Barge & Towing Co. 274 Minn. 38, 143 N. W. (2d) 374, we held that by reason of his ownership of more than one-third of the corporation's stock, Aiple could prevent the management

from increasing its capitalization by the methods described in the opinion. After that decision was filed, plaintiff brought supplementary proceedings and moved for summary judgment to recover against the corporation attorneys' fees incurred in prosecuting the action. Defendant corporation opposed the motion, contending that, even though plaintiff prevailed in asserting a statutory right as a minority stockholder, the attorneys' fees incurred are not chargeable to the corporation for the reason that whatever benefits derived from the suit inured to plaintiff and his conflicting personal business interests.

Plaintiff stockholder contends that the objections raised by the corporation have already been pleaded, litigated, and decided at trial and that there is no genuine issue for the court to consider. He agrees that the trial court made no findings on the issue of good faith in the original action. He points out, however, that the trial court refused to make amended findings on the issue of good or bad faith and that its refusal to find plaintiff acted in bad faith in bringing the action is equivalent to a finding to the contrary. He contends that the motion for an award of attorneys' fees is merely a post-trial motion in the same action between the same parties, that the action has been reduced to judgment and affirmed on appeal, and that the judgment is conclusive, not only as to every matter which was litigated but also as to every matter which might have been litigated at the trial. 1B Moore, Federal Practice (2 ed.) pp. 621 to 624, 631, 632; Veline v. Dahlquist, 64 Minn. 119, 66 N. W. 141; The Youngstown Mines Corp. v. Prout, 266 Minn. 450, 124 N. W. (2d) 328. It is accordingly urged that principles of res judicata and collateral estoppel take the issues of good faith and substantial benefit to the corporation out of the case.

The Minnesota authorities which have considered the application of the doctrines of res judicata and estoppel by judgment are found in 10 Dunnell, Dig. (3 ed.) §§ 5159 to 5161. The principles of res judicata, which should be applied cautiously, derive from considerations of public policy which comprehend that there should be an end to litigation and that a party should not be subjected to repeated litigation of the same issues. The distinction between res judicata and collateral estoppel has

been expressed by this court in the recent decision of Brooks Realty, Inc. v. Aetna Ins. Co. 268 Minn. 122, 125, 128 N. W. (2d) 151, 153:

"Under the doctrine of res judicata, it is well recognized that parties to an action may be estopped from relitigating issues in a subsequent action that were raised and determined in a prior action. Apart from the general requirements regarding identity of parties and the finality of the adjudication, application of the rule of estoppel by verdict requires the party asserting it to establish that the precise question was in fact presented and necessarily determined by the verdict in the former trial."

The court below concluded that the issue relating to plaintiff's good faith raised by the corporation in opposing the motion for summary judgment had not been determined in the prior action. In noting the failure of the court in the prior action to amend its findings, the trial court, in a helpful memorandum, observed:

"* * * The granting or refusal of the amendment to findings would not have affected the result, as the determination was based flatly on the ground that the acts of defendant were in violation of a statute, and the motives of plaintiff were not material."

We agree that the relief granted to plaintiff stockholder in the original action was solely on the basis of his statutory right to require the corporation to conform to statutory law. The issue of his good or bad faith in bringing the action was not relevant to the determination of his rights. In our decision, we said that (274 Minn. 45, 143 N. W. [2d] 379) "we are concerned here with legal rights. We are of the view that the minority stockholder may stand on the legal rights which the law gives him and is entitled to injunctive relief without alleging loss," and that he may insist upon his legal rights and even refuse to accept "something better" in exchange. The lower court correctly concluded:

"* * * [T]he findings of the trial judge and decision of the Supreme Court are not res judicata, nor do they constitute an estoppel on the question of whether the conduct of the plaintiff in bringing the action was in good faith, or whether it was motivated by ulterior purpose to damage or hamper the defendant, and that the defendant's claim that

the plaintiff himself did not expend the amount paid for attorney's fees out of his own pocket but that something at least was contributed by persons whose only interest in the case would be to hamper or harass the defendant, presents an issue of fact which might have a bearing upon the determination as to the allowance or disallowance of the claim for fees and expenses."

Since the issue of good faith and, in our opinion, the further issue as to whether a substantial benefit has accrued to the corporation has not been litigated or passed upon, the matter should be remanded to the district court for the purpose of determining both issues.[1] In Bosch v. Meeker Co-op. Light & Power Assn. 257 Minn. 362, 101 N. W. (2d) 423, we pointed out that the fact that a stockholder may be successful in an action against a corporation would not of itself warrant an award of attorneys' fees. We noted that to grant an award of attorneys' fees for expenditures against a corporation in every instance where the officers act outside their corporate powers would be to invite and to encourage certain actions intended not to redress real wrongs but to realize upon their nuisance value. We there remanded a similar action to the district court for findings on the issue of whether or not there was a substantial benefit to the corporation. While we suggested various considerations in determining what a substantial benefit might be, we said (257 Minn. 366, 101 N. W. [2d] 426): "As to what is a 'substantial

---

[1] 1B Moore, Federal Practice (2 ed.) p. 2232, states: "A judgment affirmed on appeal has conclusive effect, but if the appellate court affirms on grounds that differ from those relied upon by the lower court, the conclusiveness of the judgment as res judicata and as collateral estoppel are governed by the appellate decision. Thus if the trial court rests its judgment on two grounds, each of which is independently adequate to support it, the judgment is conclusive as to both; but if the appellate court affirms on one ground without passing on the other, the second ground is no longer conclusively established under the collateral estoppel doctrine. * * *

"The principle illustrated * * * governs also if the trial court bases its judgment on one ground alone, and the appellate court affirms solely on the basis of the other ground: the ground chosen by the appellate court determines the conclusive effect of the judgment."

benefit' is for the trial court to determine in the light of the facts and circumstances of the particular case."

Although we did not consider the question of good faith in our decision in the main action, we did make reference to the observation contained in the dissenting opinion (274 Minn. 49, 143 N. W. [2d] 381) to the effect that the conduct of the corporation officers was prompted by the "disruptive efforts of [Aiple] to prevent corporate financing and expansion because of his interest in a rival corporation." Since it was not within the scope of our original review to pass upon this aspect of the case, we did note in our opinion (274 Minn. 45, 143 N. W. [2d] 379) that if, in fact, Aiple did use his "substantial minority interest to deny the corporation the benefit of good business judgment which the directors wish to exercise," he nevertheless had that right. We noted that, if a minority stockholder employed a statute enacted for his protection to interfere with the development and growth of the corporation, that was a problem for the legislature to consider. But it does not follow that the enforcement of a statutory right by a stockholder requires the corporation to pay his expenses in enforcing such right. Fees and expenses incurred by a stockholder should not be chargeable against a corporation where the results benefit the stockholder personally rather than other stockholders of the corporation. A corporation should not be burdened with expenses incurred by stockholders to promote their individual interests and not for the immediate benefit of the corporation. 19 Am. Jur. (2d) Corporations, § 589.

We hold that the issues presented in the motion for summary judgment should be litigated and that, in examining the merits of Aiple's claim for attorneys' fees and expenses, the court should review the record and hear such further evidence as may be offered bearing upon his objectives and the resulting benefits to the defendant corporation, to the plaintiff personally, and to such rival corporation or corporations in which he may have a financial interest.

Remanded for further proceedings in accordance with this opinion.