David LANSKY, R.B. Shields, Andrew Samet, Genevieve M. Bilski, Jonathan Smalldone, Melanie S. Pozez, Joseph Lambrecht, Charles Tanenbaum and Seymour Beidner, on behalf of themselves and all other shareholders of NWA Inc., similarly situated, Respondents,

v.

NWA INC., Appellant,

James A. Abbott, et al., Defendants.

No. C9–91–25.

Court of Appeals of Minnesota.

June 18, 1991.

Review Denied Aug. 29, 1991.

Karl L. Cambronne, Jack L. Chestnut, Chestnut & Brooks, P.A., Charles S. Zimmerman, Zimmerman & Reed, Minneapolis, for respondents.

Robert E. Woods, Michael C. Krikava, Briggs and Morgan, Minneapolis, for appellant.

Dorian S. Jordan, NWA Inc., Eagan, for defendants.

Considered and decided by LANSING, P.J., and PETERSON and SCHULTZ, JJ.*

## OPINION

LANSING, Judge.

NWA Inc. challenges an award of attorney's fees and costs in a shareholder derivative suit dismissed as moot. Because the trial court incorrectly based its decision on a presumption of causation by sequence, we reverse and remand for an evidentiary hearing on causation.

### FACTS

After the board of directors of NWA Inc. rejected a $90–per–share takeover offer, respondents, former shareholders of NWA Inc., brought suit alleging breach of fiduciary duty by thwarting legitimate corporate takeover attempts. The case was dismissed as moot after the board accepted a $121–per–share offer, but respondents sought and received attorney's fees and costs of $652,519.17.

### ISSUE

Did the trial court err in applying a rebuttable presumption that corporate benefits occurring after shareholder action are caused by that action?

### ANALYSIS

■ The parties agree that the propriety of an award of attorney's fees in this action is governed by Minnesota law. Under Minnesota law, shareholders may recover attorney's fees and costs incurred in a shareholder derivative suit, even if no judgment is obtained, if they show (1) a substantial benefit to the corporation (2) caused by the derivative suit. *See Bosch v. Meeker Coop. Light and Power Ass'n,* 257 Minn. 362, 366–67, 101 N.W.2d 423, 426–27 (1960).

■ To reduce the shareholder plaintiffs' burden of showing causation, some jurisdictions apply a rebuttable presumption of causation by sequence. *See, e.g., Tandycrafts, Inc. v. Initio Partners,* 562 A.2d 1162 (Del.1989) (upholding fee award where plaintiff established that corporate benefit chronologically followed the filing of a meritorious suit, and corporation failed to show that the suit did not affect its actions). Minnesota courts have not yet considered the causation-by-sequence presumption in awarding attorney's fees in shareholder derivative suits.

The rationale for adopting a causation-by-sequence presumption is that litigating shareholders usually have no way to ascertain the reasons, events, and decisions leading to the corporation's action except by asking the corporation. The presumption, which shifts the burden of proof, conserves time and expense when applied to cases in which the shareholders' claims were successful or, if moot because of intervening corporate action, the shareholders have demonstrated a reasonable likelihood that the claims would have been successful. *See McDonnell Douglas Corp. v. Palley,* 310 A.2d 635, 637 (Del.1973); *Joy Mfg. Corp. v. Pullman–Peabody Co.,* 729 F.Supp. 449, 454 (W.D.Pa.1989). *But see* Minn.R.Evid. 301 (limiting effect of eviden-

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tiary presumptions in civil actions to a shifting of the burden of production rather than the burden of proof).

Derivative suits have played an important role in protecting corporate shareholders from corporate insiders' impermissible self-preservation actions. *See Brown v. Hart, Schaffner & Marx,* 96 F.R.D. 64, 67 (N.D.Ill.1982). It is equally true that some derivative actions are purely strike suits stemming from even more narrow economic motivation. *Id.* In allowing attorney's fees, a balance is necessary that provides compensation when the litigation is well-founded but does not encourage strike suits. A presumption of causation that does not take into account the facts and circumstances of each case could strike an improper balance. *See Lewis v. Chiles,* 719 F.2d 1044, 1050 (9th Cir.1983) (assessing entire chronology of events including prelitigation actions by corporation).

Respondents' derivative suit was one of many legal and economic pressures that preceded the NWA board's acceptance of the $121–per–share offer. The complaint was substantially similar to the complaints in six consolidated suits against NWA filed in Delaware the previous day. The depositions and affidavits uniformly state that the key decision-makers did not take respondents' lawsuit into account when making the critical decisions. The record illustrates the problems created by a mechanical application of a causation-by-sequence presumption.

At least one other court has recognized the significance of chronological sequence without crystallizing it into a presumption. *See United Handicapped Fed'n v. Andre,* 622 F.2d 342 (8th Cir.1980). In an action for attorney's fees against state and federal agencies, the eighth circuit held that "the chronological sequence of events is an important factor in determining whether or not it can be inferred that the defendants guided their actions in response to plaintiff's lawsuit." *Id.* at 347. We think that according chronological sequence the evidentiary weight of an inference, rather than a presumption, is more consistent with the holding in *Bosch* and is still sufficiently flexible to address the difficulties of proving whether a corporation acted in response to a particular lawsuit.

In distinguishing between presumption and inference, we construe presumption to mean a rule of law by which finding a basic fact (here, sequence) gives rise to the existence of a presumed fact (causation), until the presumption is rebutted. *See* B. Garner, *A Dictionary of Modern Legal Usage* 432 (1987). An inference, on the other hand, may be drawn from the establishment of a basic fact but need not be drawn as a matter of law. *Id.* (distinguishing between a presumption of law and a presumption of fact or inference). In practical application, an inference of causation by sequence assists respondents in establishing a prima facie case but, unlike a presumption of causation by sequence, does not in itself necessarily establish a causative link that shifts the burden of proof to the corporation.

## DECISION

The trial court erred by applying Delaware law and by applying a causation-by-sequence presumption. Because respondents must show more than mere sequence to establish a causal link between their derivative suit and the board's action, we remand for an evidentiary hearing on causation.

Reversed and remanded.