## CHARLES MOONEY v. FARMERS MERCANTILE & ELEVATOR COMPANY OF MADISON AND OTHERS.[1]

October 26, 1917.

No. 20,533.

**Corporation — distribution of profits by co-operative association.**

1. A co-operative association organized under section 6485, G. S. 1913, is authorized by the statute to provide by by-law for the distribution of profits and earnings in such proportion as the stockholders may deem just.

**Same — by-law.**

2. A by-law which discriminates within reasonable limits between stockholders who deal with the company, thereby increasing its earning power, and those who do not deal with it, held not violative of the rights of the stockholders thus discriminated against.

**Same — division of profits — change permissible.**

3. For several years the company made an equal pro rata distribution of its profits without discrimination; it is held, that the custom in this respect, though extending over several years, did not preclude the company from departing therefrom, or deprive it of the right to enact a by-law providing for a different distribution. No right of the nonassenting stockholders was thereby violated.

[1]Reported in 164 N. W. 804.

Action in the district court for Lac qui Parle county to restrain defendant corporation from distributing its net earnings except to its stockholders. The case was tried before Qvale, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*T. J. McElligott,* for appellant.

*A. W. Ewing,* for respondents.

BROWN, C. J.

Defendant, Farmers Mercantile & Elevator Company, is a corporation, organized in June, 1899, under the provisions of section 2903, et seq., G. S. 1894, as a co-operative association, and the persons named as defendants are its officers and have in charge the management and control of the corporate affairs. The business of the company is and at all times has been the buying, selling, receiving, forwarding and handling of wheat, oats, barley, and other farm products, and also buying and selling coal and other fuel, all at Madison, this state, its place of business. The stock of the company was fixed at $25 per share, but no person was permitted to hold or own more than two shares. The statutes under which it was so incorporated make provision for the distribution of the profits or earnings of the company among its "workmen, purchasers, members and stockholders as shall be prescribed by the by-laws." Section 2912, G. S. 1894 (section 6485, G. S. 1913). No profits were realized prior to 1904, but thereafter they were sufficient for a distribution of from five to ten dollars per share each year, and were divided pro rata among the stockholders without discrimination. But such distribution was not controlled or fixed by any by-law of the company, for no by-law on the subject was enacted until October 17, 1914. At that time the method of profit distribution was changed by the adoption of the following by-law, namely:

"The net profits of the business of this corporation shall be applied and divided among its shareholders at the end of each business year as follows: A dividend of not to exceed seven (7) per cent per annum shall be paid upon the outstanding stock on the date of such division. The remaining balance shall be divided among the shareholders of this corporation pro rata to the amount of business each has furnished to the

company during the year, in the form of furnishing to it the product or products in which it is dealing."

Profits were realized during the years following and pursuant to the provisions of this by-law 7 per cent thereof was distributed to the stockholders without discrimination, and the remainder was paid over to such stockholders as had dealt with the company, and thereby contributed to its earning power by the sale and delivery to it of their farm products, and the purchase of the commodities held by it for sale to the trade, and in the proportion of the business each so contributed to the company.

Plaintiff is a farmer and a stockholder and one of the organizers of the company, owning one share of stock, but did not contribute to the business of the company by a sale of his farm products to it, or otherwise, and after the adoption of the by-law shared only in the 7 per cent distribution. By this action plaintiff challenges the validity of the by-law, and insists upon the right to an equal pro rata distribution of all earnings of the company. The trial court found the facts as here stated, held that the by-law was valid, the distribution of the earnings of the company in harmony therewith not a violation of any of the rights of plaintiff, and judgment was ordered accordingly. Judgment was so entered and plaintiff appealed.

The only question presented is whether the method of distributing the earnings of the company as fixed by the by-law violates any of the vested legal or equitable rights of plaintiff. We answer the question in the negative. A co-operative association such as the legislature had in mind in the enactment of the statute under which defendant was incorporated, has been defined to be a "union of individuals, commonly laborers or small capitalists, formed * * * for the prosecution in common of a productive enterprise, the profits being shared in accordance with the amount of capital or labor contributed by each." Finnegan v. Noerenberg, 52 Minn. 239, 53 N. W. 1150, 18 L.R.A. 778, 38 Am. St. 552. They are local in character, their activities are confined to limited territory within which the members reside, and the ownership of stock therein is expressly limited by the statute. Section 6488, G. S. 1913. The scheme of the corporation is the reciprocal co-operation by the members of the company for their mutual benefit, and in this respect is differentiated from corporations organized for general commercial purposes, or those wherein

the pecuniary profits furnish the principal object of the enterprise. The distribution of profits is subject to regulation by the by-laws of the company, and the rights of all shareholders are controlled thereby. The language of the statute .is that the "profits or earnings of such association shall be distributed to those entitled thereto by its by-laws, and in proportions and at the times therein prescribed." Such general authority as to profit distributions is not possessed by corporations formed for ordinary commercial purposes. 2 Cook, Corp. (7th ed.) § 540.

It was clearly competent for the legislature to commit the subject to the judgment and discretion of the stockholders. And a by-law enacted in pursuance of such authority, which is not unfair or unreasonable, cannot well be challenged as violating the rights of nonassenting stockholders. This by-law was enacted at an adjourned annual meeting, at a time when it was proper to do so. Plaintiff was present at the annual meeting, and it is not important that he was not subsequently notified of the date to which the meeting adjourned. The by-laws do not require such notice. Morrill v. Little Falls Mnfg. Co. 53 Minn. 371, 55 N. W. 547, 21 L.R.A. 174; Clark v. Wild, 85 Vt. 212, 81 Atl. 536, Ann. Cas. 1914C, 661. The distribution thus provided for is not unreasonable or unfair, but rather in accord with the fundamental purpose of the company, namely, reciprocal efforts and benefits, and sends in part the earnings and profits to those of the stockholders who by their patronage make a realization thereof possible, and in proportion as they thus contribute to the prosperity of the company. Of this no stockholder can well complain.

But plaintiff does not challenge the validity of the by-law for lack of authority to enact it in the first instance. His precise claim is that, since the company established the practice and custom of distributing the entire surplus earnings to all shareholders alike and in proportion to the stock held by each, such practice and custom became in legal effect a by-law, vesting in each stockholder an inviolable right to a continuation thereof during the life of the corporation. We do not sustain this claim. It is not nor could it well be argued that any contract right of plaintiff was violated by the by-law. The matter of profit distribution is by the statute committed to the corporation without restriction or limitation. When plaintiff became the owner of his stock no by-laws upon the subject had been enacted, and the issuance of the stock to him was necessarily

subject to an exercise of the statutory authority thus granted whenever in the judgment of the company it became necessary or proper.  And though the issuance of the stock vested in plaintiff the contract right to dividends whenever declared, the proportion and extent thereof was held in reserve by force of the statute conferring the right of regulation upon the company.  In this situation no contract right of plaintiff has been in any way violated.  And if it be conceded, in harmony with his contention, that the long continued practice and custom of distributing the profits of the company in equal proportions to all stockholders became in legal effect a by-law, it is clear that the corporation could, without infringement of stockholders' rights, abandon the custom or modify it to any extent deemed fair and reasonable, precisely as a formally enacted by-law upon that or upon any other subject could be amended or wholly repealed.  The power of amendment when no vested rights are impaired is clear.  7 R. C. L. 143.  And with such power conceded, as it must be, the only inquiry is whether by reason of some right arising from the custom plaintiff is in position to insist that it be continued during the life of the corporation.  We discover no such right.  With no contractual obligation violated, the only theory upon which plaintiff might hope to prevail would be under the doctrine of equitable estoppel.  But he has no standing there.  He was an original stockholder, and did not become such in reliance upon the custom of profit distribution to all stockholders alike, for such custom was not followed until long after the issuance of his stock.  And aside from that fact, he is in no position to invoke the doctrine, for it has application only to prevent fraud and injustice.  No fraud is claimed, and, for reasons already stated, there is no injustice in the profit sharing regulations here made.  The reciprocal characteristics of the corporation fully justify such discrimination.

Judgment affirmed.