RICHARD BOSCH v. MEEKER COOPERATIVE LIGHT & POWER ASSOCIATION AND OTHERS.

91 N. W. (2d) 148.

June 27, 1958—No. 37,271.

*P. J. Casey* and *Leo J. Lauerman,* for appellants.

*Leavitt R. Barker, James B. Vessey, Henry Halladay, Dorsey, Owen, Barker, Scott & Barber,* for respondent.

*Rosengren, Rufer & Blatti,* for Lake Region Cooperative Electrical Association.

*J. W. Huhtala,* for Northern Electric Cooperative Association.

*B. D. Grogan,* for Blue Earth-Nicollet Co-operative Electric Assn.

*L. A. Wilson,* for Wild Rice Electric Cooperative, Inc.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying a motion for amended findings or in the alternative for a new trial.

This case concerns the procedure used by defendant Meeker Cooperative Light & Power Association to reelect its board of directors at the annual meeting held in 1956. The plaintiff in this case is Richard Bosch, a stockholder who brought the action for himself and other stockholders as a class seeking a declaratory judgment declaring that M. S. A. 308.07 and Art. II, §§ 8 and 9, of the bylaws of defendant prohibited stockholders from voting by mail for the election of directors. He also sought to have a proposed amendment to the bylaws concerning the election of directors declared to have no retroactive effect and declared oppressive, unfair, and unreasonable; and further to have it declared that the election of directors held February 4, 1956, was void; that the annual meeting held on that date was improperly held; and that the proceedings in connection with that meeting were void. He requested the court to have the directors call a special meeting for the purpose of electing four directors for the remainder of the three-year terms; also to declare that no votes by mail should be counted at the special meeting.

At the conclusion of the trial the court found that the Meeker Cooperative Light & Power Association was organized prior to May 29, 1936; that the plaintiff was a shareholder in good standing; and that he was bringing the action for himself and other stockholders similarly situated. It further found that Art. II, § 8, of the bylaws of the cooperative reads as follows:

"* * * Each stockholder shall be entitled to only one vote in the affairs of the association, regardless of the number of shares he may own, which shall be in person, or by mail as hereinafter provided in Section 9 of this Article II. No stockholder shall be entitled to vote by proxy. At all meetings of the stockholders all elections shall be had

and all questions decided by a vote of a majority of the stockholders, present in person or represented by mail vote."

The court quoted from Art. II, § 9, of the bylaws as follows:

"* * * Any stockholder who is absent from any meeting of the stockholders may vote by mail *upon any motion, resolution or amendment* to be acted upon at any such meeting by ballot, which shall be in the form prescribed by the board of directors and shall contain (a) the exact text of the proposed motion, resolution or amendment to be acted upon at such meeting; and (b) the date of the meeting; and (c) spaces opposite the text of such motion, resolution or amendment in which such stockholder may indicate his affirmative or negative vote thereon. Such stockholder shall express his choice by marking an 'X' in the appropriate space upon such ballot. Such ballot shall be certified and signed by the stockholder and when received by the secretary of this association, shall be accepted and counted as a vote of such absent stockholder at such meeting." (Italics supplied.)

The court also quoted Art. III, § 3, of the bylaws as follows:

"* * * The present duly elected directors shall hold office until the time for which they are elected shall expire or until their successors are elected and qualified. At the first election of the directors by the stockholders after the adoption of this amended section, the directors shall be divided into three classes, each class to consist of four members. Those directors holding over for a period of an additional year shall complete their unexpired term; two additional directors shall be elected for a period of two years, and four directors shall be elected for three years. At the next annual meeting two directors shall be elected for one year, and four directors shall be elected for three years. At each succeeding annual meeting after such classification a number of directors equal to the number of the class whose term expires at the time of such meeting shall be elected to hold office for a period of three years or until their successors are elected and qualified. The election of directors shall be by ballot and each stockholder shall be entitled to cast one vote, and only one vote, for each director to be elected."

The court also found that on December 21, 1955, the board of directors adopted a resolution which was prefaced by the following:

"* * * Whereas, Section 8 of Article II of the by-laws * * * provides that such member shall have the right to vote in person or by mail; and whereas, the by-laws do not prescribe the method for voting by mail, and the board of directors deeming it essential and to the best interest of the membership and of the association that rules and regulations governing the vote by mail be promulgated and published."

The findings show that the resolution itself provided that the chairman, with the approval of the board, would appoint a 3-man nominating committee; that the territory served by the cooperative had been divided into 12 area districts; and that the nominating committee should select 2 nominees in each district for the office of director. This applied to each district in which the then director's term of office was to expire. The nominees were to be from the district in which the term of office of the director was about to expire. The resolution also provided that 50 members of the association might make nominations in writing not less than 30 days prior to the annual meeting; that the secretary was to prepare a ballot and mail the same to every member of the corporation; and that the names of all nominees of each section or area were to appear on the ballot.

The board of directors further resolved at that same meeting to submit a proposed amendment to Art. III, § 3, of the bylaws to their members at the annual meeting on Febraury 4, 1956. The court found that the proposed amendment, among other things, provided for the creation of a nominating committee of 3 members to be appointed by the chairman of the board not less than 40 days nor more than 60 days before a meeting of the members at which directors were to be elected. This appointment was subject to approval of the board. The proposed amendment further provided for division of the territory of the cooperative into 12 districts. The nominating committee was to prepare a list of 2 nominees for director for each vacancy. A copy of this list was then to be given to the secretary who was to post it at the principal office of the association 15 days prior to the next annual meeting. The court found that the proposed amendment further provided:

"* * * any 50 or more members of the association, residing in the district or territory where the term of the director is about to expire, may make nominations in writing over their signatures for director to be chosen from their territory, not less than 30 days prior to the meeting at which such director is to be elected. If such nomination is made, the members making the same shall, at least 30 days prior to the meeting at which the director is to be elected, submit to the secretary of the association the name or names of such nominees, and the secretary of the association shall then 15 days prior to the next annual meeting post the same at the same place as the list of nominees of the nominating committee. No member shall join in the nomination of more than one candidate."

The proposed amendment further provided that the secretary send a ballot containing the names of the nominees to all members and inform them of the manner in which they may vote by mail. The same meeting of the board of directors passed the following resolution:

"* * * Be it resolved that the action of the board in providing for the voting by mail at the forthcoming election is hereby approved."

The court next found that at the December 21, 1955, meeting the president, with the board's approval, did appoint a nominating committee and that the committee filed a list of nominees with the secretary on December 24, 1955, who posted this list at their principal office at 3 o'clock of that day.

According to the findings, the official notice of the annual meeting of the defendant to be held on February 4, 1956; the complete text of the proposed amendment; a ballot containing the names of the nominees submitted by the nominating committee; and a ballot form relating to the proposed amendment to the bylaws were published in the December 1955 issue of the Meeker REA Pioneer; also copies of this publication addressed to the individual members were deposited in the post office at Eden Valley on December 31, 1955, and an informal and incomplete notice was published in five other newspapers on December 29, 1955, and in another newspaper on January 12, 1956. On January 7, 1956, the secretary of defendant mailed at the Litchfield post office a notice of the annual meeting, a ballot relating to the

election of directors, and the ballot relating to the proposed amendment of the bylaws to each member.

The court next found that prior to the annual meeting on February 4, 1956, the bylaws *did not* provide for a nominating committee and no such committee had ever been used nor had the territory ever been divided into area districts and that directors prior to that time had been nominated and elected at large. Also prior to that meeting the ballots contained no provisions for voting for directors by mail and no elections of directors were ever held by mail.

The court then found that the president and secretary had certified that 465 stockholders were present at the February 4, 1956, meeting and that 1,200 to 1,300 had voted by mail; that at the meeting the proposed amendment to the bylaws was adopted by a vote of 985 for and 421 against it; and that the directors which were reelected had all been directors immediately prior to the meeting, their terms of office having expired at that meeting.

The court further found that the resolution dividing the territory into districts and providing for a vote by mail at the 1956 annual meeting was inconsistent with the bylaws of the cooperative and the board therefore had no power or authority to pass such a resolution under Art. III, § 6, of the bylaws or otherwise; also that the resolution of the board which provided that the action of the board in providing for a vote by mail be approved was never submitted to the members and no vote was had thereon.

The court finally found that the provisions of the proposed amendment adopted at the annual meeting providing for nomination of directors and the election thereof were unreasonable, arbitrary, and unlawful.

It was then the conclusion of the court that the election of the directors was invalid; that those elected were not elected for a new term; and that they were actually holding over according to the bylaws and that the amendment to Art. III, § 3, of the bylaws was invalid and of no force and effect.

On appeal to this court, so far as a determination of the case is involved, the issues are: (1) Whether the court's finding that the

bylaws of the cooperative prohibited a vote for directors by mail should be sustained, and (2) whether the finding by the trial court that the amendment to Art. III, § 3, of the bylaws providing for nominations for directors and the election thereof is unreasonable, arbitrary, and unlawful should be sustained.

■ In regard to the first issue, it is to be noted that Article XII of the bylaws, in so far as it is material here, provides:

"These By-laws may be altered, amended or repealed by the affirmative vote of not less than two-thirds (⅔) of the stockholders, present in person or represented by mail vote, at any annual or special meeting; * * *."

Article VI, § 3, of the articles of incorporation gives the directors power only:

"* * * to make and adopt such rules and regulations, not inconsistent with these Articles of Incorporation of the By-Laws of this Association * * *."

The law in this state is very clear that directors are bound to follow the bylaws of their organization. It is further clear that a bylaw is permanent and continuing in nature and must be observed until legally changed. Diedrick v. Helm, 217 Minn. 483, 14 N. W. (2d) 913, 153 A. L. R. 649, and cases cited therein. As may be seen from Art. II, § 8, of the bylaws the only voting that is allowed by mail is that which Art. II, § 9, permits and that article merely provides that stockholders may vote by mail *upon any motion, resolution,* or *amendment* to be acted upon at a meeting by ballot. It is apparent that the bylaws are silent with regard to voting for the election of directors by mail. The evidence further shows that the board itself must have considered that it needed authorization to vote by mail for directors because the proposed resolution concerning the amendment to the bylaws to be voted on contained a provision that the action of the directors providing "for the voting by mail at the forthcoming election is hereby approved."

Here the court found as a fact that the bylaws of the corporation did not permit voting for directors by mail. In regard to the findings of the

trial court, the question on appeal is whether the evidence sustains the findings, using all possible inferences supporting the findings. Georgopolis v. George, 237 Minn. 176, 54 N. W. (2d) 137. This court will not disturb findings of the trier of fact unless the evidence is conclusive; it is simply a question of whether the evidence as a whole sustains the findings. Cyrus v. Cyrus, 242 Minn. 180, 64 N. W. (2d) 538, 45 A. L. R. (2d) 1002; see, also, 1 Dunnell, Dig. (3 ed.) § 411, and cases cited therein. In this situation it would be difficult for us to say that this finding by the district court was arbitrary and capricious. It therefore follows that the holding by the district court that the election of directors of February 4, 1956, was invalid must be affirmed.

■ In regard to the second issue the court specifically found that the provisions of the proposed amendment to the bylaws adopted at the annual meeting, February 4, 1956, providing for nomination of directors and the election thereof was unreasonable and arbitrary. It is the position of the appellants that before a court will declare a corporation's bylaws unreasonable it must clearly appear that it is unreasonable, and appellants also argue that courts will not look closely into mere matters of judgment where there may be a reasonable difference of opinion and that the question whether or not a bylaw is reasonable is generally one solely for the court. It is appellants' position that in construing the bylaws the court will interpret them reasonably, in scrutinizing their terms, for the purpose of making them valid, citing 14 C. J., Corporations, § 471; 18 C. J. S., Corporations, § 189.

Bylaws of a corporation must be fair and reasonable. Mooney v. Farmers Merc. & Elev. Co. 138 Minn. 199, 164 N. W. 804.

The proposed amendment provided that the nominating committee which is to nominate 2 persons to run for the office of director from each district must be appointed more than 40 days before the annual meeting. On the other hand if members wish to nominate on their own it also provided that 50 members, more than 30 days before the election, may make a nomination, but there is no provision that the nominating committee must report before the 30-day limit binding on the membership.

The court stated in its memorandum:

"* * * It is possible under these provisions for the nominating committee to withhold making its nominations or furnishing a copy to the secretary until it is too late to nominate by petition. * * * it is impossible to disagree and then act independently to nominate a candidate of choice if the right to disagree and act is withheld pursuant to arbitrary and illegal provisions of law. The provision of the amendment leaves the stockholders in a situation where to insure having nominations of their own choice they would have to make their own nominations by petition each year because they might not have information as to who was going to be nominated by the committee in sufficient time to consider whether any additional nominations should be made by petition."

In view of this we cannot say that the trial court's findings to the effect that the proposed amendment is arbitrary, unreasonable, and unlawful has no support in the evidence.

The appellants also urge that the court erred in finding that the statutes, M. S. A. c. 308, dealing with the type of cooperative involved here did not allow election of directors by mail. It is unnecessary to pass on this question as our holdings on the first two issues are determinative of this appeal. However, it must be pointed out that the Minnesota legislature in 1957 passed c. 186, § 1 (M. S. A. 308.071, subd. 1), validating elections for directors of cooperative associations theretofore held by mail where the association came under c. 308 and where its bylaws provided for election of the directors by mail. Subd. 2 of that act is very ambiguous. It may well be that the legislature intended to permit voting for directors by mail where a cooperative's bylaws or articles so provided after the passage of that act. However, the law as passed states in part:

"If voting by mail is authorized by the articles of incorporation or the bylaws of any such cooperative association, then any stockholder of such association may, at any election of any director of such association which shall be held hereafter *and prior to January 1, 1958,* vote by mail * * *." (Italics supplied.)

Thus, the addition of the words "prior to January 1, 1958," if the statute is read literally, permits voting for directors by mail only between

March 20, 1957, the date of approval of the act, and January 1, 1958. If the legislature did not intend to limit the right to vote by mail for directors to that limited period of about nine months it can correct the situation in the next session of the legislature if it so desires.

It is apparent that the confusion in the instant case arises from the fact that the present directors tried to hold an election for directors by mail at the same time as they were trying to amend their bylaws to provide for such an election by mail. The proper procedure would be to vote for directors in the usual manner and to submit a fair and reasonable amendment to the bylaws so that subsequent elections for directors could be held by mail, if, as stated previously, the legislature clarifies § 308.071 at the next session.

Affirmed.

MR. CHIEF JUSTICE DELL took no part in the consideration or decision of this case.