**LITTLE CANADA CHARITY BINGO HALL ASSOCIATION, Appellant,**

v.

**MOVERS WAREHOUSE, INC., Respondent.**

**No. C1–92–1874.**

Court of Appeals of Minnesota.

March 23, 1993.

Review Denied May 18, 1993.

Richard T. Wylie, Minneapolis, for appellant.

Julius W. Gernes, Geraghty, O'Loughlin & Kenney, P.A., St. Paul, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

HUSPENI, Judge.

Appellant challenges the trial court's grant of summary judgment in a breach of lease action. The trial court concluded that appellant did not have the capacity to bring this action and that the essential purpose of the lease was frustrated. Respondent alleges that appellant suffered no damages and the trial court erred in its denial of summary judgment to respondent on the issue of damages. We reverse and remand.

## FACTS

In May 1986, appellant Little Canada Charity Bingo Hall Association ("LCCBHA") leased property from respondent Movers Warehouse, Incorporated ("Mover") for the purpose of operating a bingo hall. LCCBHA is a non-profit corporation that represents a consortium of charities which were authorized by the City of Little Canada, Minnesota ("city") to conduct charitable gambling operations. LCCBHA planned to sublease the property to its member charities on various nights.

From June 1986 to June 1987, LCCBHA sublet the property to its member charities. In May 1987, the city council declined to renew the charitable gambling licenses of LCCBHA's member charities. Following the city's actions, LCCBHA's board of directors amended its by-laws to transfer all of the board's powers to a trustee.

In June 1987, Mover evicted LCCBHA from the property. Mover subsequently negotiated leases directly with several of LCCBHA's member charities.

LCCBHA brought suit alleging wrongful eviction and breach of contract. Mover brought a motion for summary judgment on the grounds that: (1) LCCBHA did not have capacity to bring this action; (2) the essential purpose of the lease had been frustrated; and (3) LCCBHA suffered no damage as a result of the alleged breach. The trial court granted summary judgment

on the first and second grounds, but denied summary judgment on the third ground.

## ISSUES

1. Did the trial court err in granting summary judgment on the basis that LCCBHA did not have capacity to bring this action?

2. Did the trial court err in granting summary judgment on the ground of frustration of purpose?

3. Did the trial court err in denying summary judgment on the ground that LCCBHA suffered no damage as a result of the alleged breach?

## ANALYSIS

On appeal from summary judgment, this court's role is to review the record to determine: (1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The trial court granted summary judgment on two grounds, and we shall address each in turn.

### I.

■ LCCBHA claims that the trial court erred in granting summary judgment on the ground that LCCBHA did not have capacity to bring this action. We agree.

In May 1987, LCCBHA's board of directors amended its by-laws to provide "the powers and duties of the members and directors of the Corporation are vested in the trustees." Based on this by-law, the trial court found that LCCBHA did not have capacity to bring this action on its own behalf.

Minn.Stat. § 317A.165, subd. 1 (1990) provides:

> Except as otherwise provided in this section, the doing, continuing, or performing by a corporation of an act * * *, if otherwise lawful, is not invalid because the corporation was without the power under * * * its by-laws to do, continue, or perform the act.

We conclude that this statute, by its clear language, precludes Mover's claim that LCCBHA did not have power under its by-laws to bring this suit.

■ It is well established that "[b]y-laws * * * must be obeyed by the corporation, its directors, officers, and stockholders." *Diedrick v. Helm,* 217 Minn. 483, 497, 14 N.W.2d 913, 921 (1944); *see also Bosch v. Meeker Co-op. Light & Power Ass'n,* 253 Minn. 77, 83, 91 N.W.2d 148, 152 (1958) ("[t]he law in this state is very clear that directors are bound to follow the bylaws of their corporation"). However, the purpose of a by-law is "to establish rules for the internal government of the corporation." *Diedrick,* 217 Minn. at 497, 14 N.W.2d at 920–21; *see also Brennan v. Minneapolis Soc'y for the Blind, Inc.,* 282 N.W.2d 515, 523 (Minn.1979) (by-laws are "adopted by the corporation for the regulation of its actions and the rights and duties of its members").

■ A corporation's violation of its by-laws may be challenged by a director or member. *See* Minn.Stat. § 317A.165, subds. 2, 3 (1990). But a third party has no power to challenge corporate action based on such a violation. *See* Minn.Stat. § 317A.165, subd. 1. Thus, the trial court erred in granting summary judgment on this ground.

### II.

■ Appellant also claims that the trial court erred in granting summary judgment based on frustration of purpose. Again, we agree.

The Restatement (Second) of Contracts § 265 (1981) provides:

> Where, after a contract is made, *a party's* principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, *his* remaining duties to render performance are discharged, unless the language or the circumstances indicate to the contrary.

(Emphasis added.) This doctrine was adopted by the Minnesota Supreme Court in *J.J. Brooksbank Co. v. Budget Rent–A–Car Corp.,* 337 N.W.2d 372, 377 (Minn.

1983).  *See National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 707 (Minn.App. 1984).

It is undisputed that LCCBHA leased the building for the purpose of operating a bingo hall and that this purpose was frustrated by the city's refusal to renew the charitable gambling licenses of LCCBHA's members.  But it was LCCBHA's purpose that was frustrated, and not that of Mover.  Mover's principal purpose in leasing the building was not to operate a bingo hall, but to raise revenue.  This purpose was not frustrated.  While the city's decision may have affected LCCBHA's ability to pay its rent, there is no suggestion that LCCBHA ever indicated that it would be unable to meet its lease obligations.

Mover seeks to use the defense of frustration of purpose as a sword rather than a shield.  Mover has failed to cite a single case in which a party has been able to avoid its contractual duties based solely upon the frustration of the other party's purpose.  Our review of the case law of this and other jurisdictions also fails to reveal a single case that supports respondent's argument.  Accordingly, we conclude that the trial court erred in granting summary judgment based upon frustration of purpose.

The Restatement contains provisions that deal specifically with the effect upon the other party where one party claims frustration of purpose.  These sections provide that "[a] party's failure to render or to offer performance," Restatement (Second) of Contracts § 267(1) (1981) or "[a] party's prospective failure of performance," Restatement (Second) of Contracts § 268(1) (1981), may allow the other party to suspend performance and treat the other party's actions as an anticipatory breach.  Here, there is no evidence that LCCBHA failed to meet its lease obligations or indicated that it would not be able to meet its obligations in the future.  Rather, Mover evicted LCCBHA immediately upon the city council's denial of the charitable gambling licenses, despite LCCBHA's desire to perform its lease obligations.  Thus, sections 267 and 268 of the Restatement are not applicable here.

### III.

Mover claims that the trial court should have granted summary judgment on the ground that LCCBHA did not suffer any damage as a result of the alleged breach.

Generally, "[a]n order denying summary judgment is not appealable in the absence of trial court certification as important and doubtful."  *Bogatzki v. Hoffman*, 430 N.W.2d 841, 846 (Minn.App.1988) (citing Minn.R.Civ.App.P. 103.03(h)), *pet. for rev. denied* (Minn. Dec. 21, 1988).  Where a matter is remanded for factual determinations on other issues, this court has been reluctant to grant discretionary review of such orders.  *Id.*  Accordingly, we decline to review the trial court's denial of summary judgment on the ground of damages.

### DECISION

The trial court erred in granting summary judgment based on LCCBHA's incapacity to bring suit and on frustration of purpose.  We decline to review the trial court's denial of summary judgment on the ground that LCCBHA suffered no compensable damages.

**Reversed and remanded.**